**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

U.S. ____ COURT E.D.N.Y.

FEB 0 3 2010

_____ X

Darlene Calderon

LC ____

Docket No:

**Plaintiff**

-against-

$(\mathcal{SI})$

Alliance One Receivables Management,
Inc.

**COMPLAINT AND DEMAND FOR**
**JURY TRIAL**

**Defendant**

_____ X

**Unlawful Debt Collection Practices**

**TRIAL BY JURY DEMANDED**

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendants respectfully
alleges and shows to the Court as follows:

**CV-10  0489**

**SPATT, J.**

### I. INTRODUCTION

1. The Plaintiff is suing the Defendant because the Defendant harassed the Plaintiff

in an attempt to collect a debt. The Defendant's acts include telephoning the Plaintiff in the

middle of the night; and failing to inform the Plaintiff that the Defendant was a debt

BOYLE, M

collector.

2. This is an action for damages brought by an individual consumer for  violations

of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA")

which prohibits debt collectors from engaging in abusive, deceptive and unfair practices;

as well as for violations of common law.

3.  Defendant's actions as alleged herein constitute a crime against the Plaintiff.

4.      According to 15 U.S.C. 1692:

(a)      There is abundant evidence of the use of abusive, deceptive, and unfair debt
collection practices by many debt collectors.  Abusive debt collection practices
contribute to the number of personal bankruptcies, to marital instability, to the loss
of jobs, and to invasions of individual privacy.

(b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)   It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## II. JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 28 U.S.C Section 1337, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. Section 1367. Injunctive relief is available pursuant to New York state law. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## III. PARTIES

6. Plaintiff is a natural person residing in Suffolk County, New York. Plaintiff is a consumer as defined by the FDCPA.

7. Defendant is a Pennsylvania Corporation is a foreign corporation not registered to do business in New York State. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

## IV. FACTUAL ALLEGATIONS

9. Plaintiff repeats paragraphs "1" through "8" as if fully restated herein.

10. The Defendant alleges that the Plaintiff owes a consumer debt. (the "debt" or the "alleged debt") The alleged debt of Plaintiff was incurred for personal, family, or household services in that it was alleged to be a credit card that Plaintiff used to purchase personal, non-business, products and services.

11. In an attempt to collect the alleged debt from the Plaintiff, the Defendant telephoned the Plaintiffs cellular telephone numerous times prior to 8:00am in the morning.

12. In an attempt to collect the alleged debt from the Plaintiff, the Defendant left voice mail messages for the Plaintiff that failed to meaningfully identify the Defendant.

13. In an attempt to collect the alleged debt from the Plaintiff, the Defendant left voice mail messages for the Plaintiff that failed to provide the Plaintiff with the notices required by 15 USC 1692e(11).

14. The Defendant left the following message on the Plaintiff's voice mail:

*Hi Darlene Calderone. This is Vicky. I need a return call as soon as possible to 1-866-673-4692. Thank you.*

Said message was deceptive in that it attempted to trick the Plaintiff into returning the call by concealing the identity of the Defendant and by not informing the Plaintiff that

the call was from a debt collector.  The messages left by the Plaintiff failed to meaningfully identify the Defendant.

15. The Defendant left other messages that were substantially similar to the above transcribed message. None of the messages left by the Plaintiff provided the notices required by 15 USC 1692e(11).  None of the messages meaningfully identified the Defendant.

16. The Defendant failed to give the written notices required by 15 USC 1692g.

## V.  CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION
## PRACTICES ACT

17.  Plaintiffs repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

18.  Defendant's actions as described herein violated the following provisions of the FDCPA:

a. 15 U.S.C Section 1692e;

b. 15 U.S.C Section 1692e(10)

c. 15 U.S.C Section 1692e(11)

d. 15 U.S.C Section 1692d;

e. 15 U.S.C. Section 1692d(5);

f. 15 U.S.C. Section 1692d(6);

g. 15 U.S.C. Section 1692g(a);

h. 15 U.S.C. Section 1692c(a)(1)

## VI. CAUSES OF ACTION FOR NEGLIGENT DEBT COLLECTION AND GROSSLY NEGLIGENT DEBT COLLECTION

19. Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

20. Defendants were aware that it is illegal under New York State and Federal Law to engage in the conduct described herein. Plaintiff relied upon the protection afforded her under New York and Federal Law. It was foreseeable that Defendants' continuation of their illegal conduct would cause damage to the Plaintiff. Defendants owed the Plaintiff a duty and special duty of reasonable care in the manner in which they attempted to collect the alleged debt.

21. Defendants' actions constitute a crime under the New York General Business Law Article 29H. Defendants owed Plaintiff a duty and a special duty to abide by the civil and criminal statutory proscriptions of New York law.

22. Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, and said breaches were the proximate cause of damages suffered by Plaintiff.

23. Defendant's actions and omissions as described herein constitute gross negligence in that Defendants owed Plaintiff a duty and a special duty of reasonable care in the collection of the alleged debt, said duties were breached, said breaches were the proximate cause of damages suffered by Plaintiff, and Defendants' actions and omissions demonstrate a want of scant care and an indifference to the rights of Plaintiff. Defendant's

actions were willful, malicious, and wanton. Defendant's actions were highly unreasonable and demonstrate an extreme departure from ordinary care.

24. Plaintiff has been damaged emotionally by the Defendant's illegal and criminal conduct as alleged herein.

25. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant as described herein.

## VIII. CAUSES OF ACTION FOR NEGLIGENCE PER SE

26. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

27. Defendant's conduct as described herein violated various New York State statutes.

28. Defendant's actions as described herein violated New York General Business Law Article 29H. (NYFDCPA)

29. Plaintiff is within the class of people intended to be protected by New York General Business Law Article 29H. (NYFDCPA)

30. Defendant's actions as described herein violated 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

31. Plaintiff is within the class of people intended to be protected by 15 U.S.C. Section 1692 et seq. (Federal FDCPA)

32. Defendant's violations of the above referenced statutes proximately caused damage to the Plaintiff.

33. Defendant is liable for negligence per se.

34. Plaintiff has been damaged emotionally by the Defendans' illegal and criminal conduct as alleged herein.


**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

A.  Injunctive relief prohibiting the Defendant from contacting the Plaintiff before 8:00am;

B. Actual damages pursuant to the FDCPA and common law claims;

C. Statutory damages pursuant to the FDCPA;

D. Nominal damages;

E. Costs and reasonable attorney's fees pursuant to the FDCPA;

F. Punitive damages pursuant to the state common law claims;

G. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,


Joseph Mauro (JM: 8295)
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795


**DEMAND FOR JURY TRIAL**


Please take notice that Plaintiff demands trial by jury in this action.

S//JOSEPH MAURO
Joseph Mauro